UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RA NU RA KHUTI AMEN BEY,

    Plaintiff,

v.                                             Case No: 8:21-cv-1270-KKM-TGW

TEVA PHARMACUETICALS, USA,
INC., CEO, et al.,

    Defendants.
_____

## ORDER

Defendant Brian Franchio moves to dismiss Plaintiff Ra Nu Ra Khuti Amen Bey's complaint, arguing it fails to include a cognizable statement of his claims. (Doc. 9). Plaintiff's Complaint recites an incident occurring when he was admitted to Brandon Regional Hospital, which involved an allegedly malfunctioning medical device produced and sold by some of the defendants. (Doc. 1-1 at 4–5). As Defendant Franchio correctly argues, the Complaint is clearly a shotgun pleading and due to be dismissed.

This Complaint is deficient in many ways. First, Plaintiff appears to bring claims against many defendants but does not identify which claims correspond to which defendant. *See Weiland v. Palm Beach County Sheriff's Off.*, 792 F.3d 1313 (11th Cir. 2015) (identifying one type of shotgun pleading as one that errs by "asserting multiple claims against multiple defendants without specifying which of the defendants are responsible

for which acts"). Further, the Complaint does not delineate each claim for relief—assuming the Court is correct that the Plaintiff intends to bring multiple claims related to the alleged incident—into a separate count. *See id.* at 1323 (describing another type of shotgun pleading as one "not separating into a different count each cause of action or claim for relief"). Finally, the Complaint includes a plethora of immaterial facts that would not be relevant to a products liability suit or negligence claim—again, assuming the Court is correct in its speculation that these are the intended claims. *See id.* at 1322 (noting yet another type of shotgun complaint as one "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"). For instance, Plaintiff includes many facts pertaining to the "Treaty of Peace and Friendship of 1836," his identification as an "Aboriginal Indigenous Moorish-American," the Zodiac Constitution, and the history of the Moors, all irrelevant to the legal claims he appears to bring.

This Complaint is the exact type of complaint that does not enable a defendant to "discern what [the plaintiff] is claiming and frame a responsive pleading" or the Court to "determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted." *T.D.S. Inc. v. Shelby Mut. Ins. Co.,* 760 F.2d 1520, 1544 n. 14 (11th Cir. 1985) (Tjoflat, J., dissenting). As such, the Complaint does not comply with the requirements of Rule 8 or Rule 10. *See* Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim"); Fed. R. Civ. P. 10(b) ("A party must state its claims or defenses in numbered paragraphs, each limited as far as

practicable, to a single set of circumstances."). Accordingly, Defendant's Motion to Dismiss (Doc. 9) is **GRANTED**. Plaintiff's Complaint (Doc. 1-1) is **DISMISSED without prejudice**. Plaintiff may file an amended complaint no later than **July 9, 2021**. Failure to cure the deficiencies of the Complaint will result in this action being dismissed with prejudice.

**ORDERED** in Tampa, Florida, on June 25, 2021.

Kathryn Kimball Mizelle
United States District Judge