UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RA NU RA KHUTI AMEN BEY,

    Plaintiff,

v.                                    Case No: 8:21-cv-1270-KKM-TGW

TEVA PHARMACUETICALS, USA,
INC., CEO, et al.,

    Defendants.
_____

## ORDER

This Court previously dismissed Plaintiff's amended complaint because it was an impermissible shotgun pleading. (Doc. 17). Specifically, the Complaint (1) brought many claims against many defendants without identifying which claims correspond to which defendants; (2) did not delineate each claim for relief into a separate count; and (3) contained facts immaterial to the claims Plaintiff appeared to bring. *Id.*; *see also Weiland v. Palm Beach County Sheriff's Off.,* 792 F.3d 1313, 1322–23 (11th Cir. 2015). The Court directed Plaintiff to file an amended complaint that cured the deficiencies within fourteen days. (Doc. 17). Plaintiff has filed an Amended Complaint, but this complaint still fails to comply with the requirements of Rule 8 or Rule 10.

The Amended Complaint contains all the confusing elements of the prior complaint but adds four paragraphs in its "Facts" section that make specific

allegations—labeled as counts—against each defendant. (Doc. 24). These paragraphs contain elements of a negligence claim and a products liability claim, without clarifying which one Plaintiff intends to bring. Further, the additions also allege a breach of contract and refer to a document filed by Plaintiff that is clearly not a contract to which any defendant is a party. (Doc. 13). Because the Amended Complaint still does not enable a defendant to "discern what [the plaintiff] is claiming and frame a responsive pleading" or the Court to "determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted," *T.D.S. Inc. v. Shelby Mut. Ins. Co.,* 760 F.2d 1520, 1544 n. 14 (11th Cir. 1985) (Tjoflat, J., dissenting), it does not comply with Rule 8 or Rule 10 and is **DISMISSED with prejudice.**[1] The Clerk is directed to terminate all pending motions and **CLOSE** the case.

    **ORDERED** in Tampa, Florida, on July 7, 2021.

Kathryn Kimball Mizelle
United States District Judge

---

[1] *Hirsch v. Ensurety Ventures, LLC*, 805 Fed. Appx. 987, 992 (11th Cir. 2020) ("[A] district court must give a party 'one chance to remedy such deficiencies,' with a 'fair notice of the defects and a meaningful chance to fix them'–but assuming that this chance is given, continued impermissible pleadings warrant dismissal with prejudice.").